## REMINGTON PAPER CO. v. LOUISIANA PRINTING & PUB. CO.

### (Circuit Court, E. D. Louisiana. June 6, 1893.)

**1. PRACTICE—INTERVENTION—RULE—RECEIVERS.**

A United States marshal levied an attachment on property which was in the possession of a receiver appointed by a state court, whereupon the receiver took a rule in the federal court to set the writs aside. *Held,* that although, as a general rule, any person not a party to a suit must, in order to have relief, proceed by intervention, yet, where no harm could be done by allowing the receiver to proceed by rule, and the result would be the same, this method would be allowed.

**2. FEDERAL AND STATE COURTS—COMITY—RECEIVERS.**

Where a person claiming to be a receiver appointed by a state court, and who was in actual possession of the property upon which the attachment was attempted to be levied, on applying to a federal court for relief in respect to attachments issued out of the latter court, produces a duly authenticated order of appointment in a state court of competent jurisdiction, the rule of comity forbids the federal court from inquiring into any mere irregularities in the matter of his appointment.

At Law. Attachment suit brought by the Remington Paper Company against the Louisiana Printing & Publishing Company. Heard on a rule taken by John W. Watson to have the writs of attachment and sequestration set aside on the ground that the property seized thereunder was already in his possession as receiver by appointment of a state court. Conditional order requiring the marshal to restore the property.

Merrick & Merrick, for plaintiff.

H. L. Garland, Jr., for receiver.

BILLINGS, District Judge. In this case writs of attachment and sequestration have been issued against the property of the defendants. John W. Watson has taken a rule in this court to have these writs set aside, averring that, after the institution of a proper suit in the civil district court for the parish of Orleans, he was appointed by that court receiver of the property and effects of the defendants, and as such receiver was in possession of certain property of the defendants, through its agents, when the marshal made the seizure in his hands.

It is urged by the plaintiff in this suit that the proceeding by the receiver should have been by intervention; that he cannot proceed by rule. I have no doubt that, as a general thing, the intervention must be resorted to by a person other than an original party to the suit, but I cannot see that in this case any harm can come by allowing the matter to be heard by rule. In either case there is a liability for costs, the result would have been the same, and by proceeding by rule greater expedition was allowable. The receiver is as fully here as if he had intervened. I think, therefore, I ought to allow him to proceed by rule.

The argument in the case has taken a wide range, but, in my view of the case, Watson, by the duly-authenticated order of the civil district court, is shown to have been appointed receiver upon a petition of a creditor of the defendants and the intervention of

the attorney general, which petition and intervention averred that all the officers of the defendant corporation had resigned, and that it was, in fact, a vacant corporation. I do not think this court can deal at all with the alleged irregularity in the appointment of a receiver, such as the alleged want of an execution, etc., preceding the appointment. It appearing to this court that a court of concurrent jurisdiction has appointed a receiver who was in actual possession, this court has no right to attempt to dispossess him. All the matter as to mere irregularity of the appointment must be dealt with by the court that appointed. I understand the doctrine of the comity of courts to be this: that where a court has jurisdiction of a cause and property, and through its proper officer is in possession, it is the duty of all other courts to refrain altogether from the attempt to take that property into possession, except by permission of the court in possession. It is more than a question of the validity of process. It is a question of public order, and the rule of comity is based upon the duty of courts to abstain from anything that might lead to conflicting orders on the part of co-ordinate courts, and possibly a resort to violence on the part of their officers. There having been a receiver appointed by a court of competent jurisdiction, and he being in possession of the property attempted to be seized by the marshal, and which was in fact seized, I think the duty of this court is to restore the property practically to the situation in which it was when the property was interfered with by the marshal.

The order of this court, therefore, is that the marshal restore the property seized in this cause under the writs of attachment and sequestration to John W. Watson, receiver, unless within five days the plaintiff applies for, and ultimately receives, authority from the civil district court which appointed Watson, or from the appellate court, to hold same under said writs.